# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HARRISON CHEYKAYCHI,

      Petitioner,

v.                                                                               NO. 17-CV-00514-KG-GBW

TODD GEISEN, *Warden/Captain, Chief
Ignacio Justice Center Adult Detention*, and
KEWA PUEBLO, *formerly known as Santa
Domingo Pueblo*,

      Respondents.

## ORDER DISMISSING KEWA PUEBLO
## AND DIRECTING PETITIONER TO SHOW CAUSE

This matter is before the Court pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts on Petitioner Harrison Cheykaychi's Petition For Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241 [Doc. 1], filed on May 2, 2017. The Petition names Todd Giesen, the Warden/Captain of the Chief Ignacio Justice Center Adult Detention, and the Kewa Pueblo as respondents. However, "[a]n application for a writ of habeas corpus is never viewed as a suit against the sovereign," and "§ 1303 does not signal congressional abrogation of tribal sovereign immunity, even in habeas cases." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996). Therefore, Kewa Pueblo is not a proper respondent and will be dismissed as a party to this action. *See id.* ("Because a petition for a writ of habeas corpus is not properly a suit against the sovereign, the Tonawanda Band is simply not a proper respondent.").

In *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the United States Supreme Court held that "in habeas challenges to present physical confinement—'core challenges'—the default rule is

that the proper respondent is the warden of the facility where the prisoner is being held." The Court further held that "the general rule [is] that for core habeas petitioners challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id*. at 443; *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."). This is because "[i]n habeas challenges to *present* physical confinement . . . the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent," since "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Rumsfeld*, 542 U.S. at 444 (emphasis in original). "This rule, derived from the terms of the habeas statute, serves the important purpose of preventing forum shopping by habeas petitioners." *Id.* at 447.

The Petition challenges Petitioner's present physical confinement and, therefore, Todd Geisen, Warden/Captain of the Chief Ignacio Justice Center Adult Detention facility, properly is named as the respondent. The Chief Ignacio Justice Center Adult Detention facility is located in Towaoc, Colorado, where Petitioner is confined and Respondent Geisen can be found. Therefore, the Court will direct Petitioner to show cause, within twenty-one (21) days of the date of this order, why this matter should not be transferred to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1631.

IT IS THEREFORE ORDERED that Respondent Kewa Pueblo is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Petitioner is directed to show cause, within twenty-one (21) days of the date of this order, why this matter should not be transferred to the United States District Court for the District of Colorado.

_____
UNITED STATES DISTRICT JUDGE