IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


HARRISON CHEYKAYCHI,

      Petitioner,

  v.                                                         NO. 17-CV-00514-KG-GBW

TODD GEISEN, *Warden/Captain, Chief
Ignacio Justice Center Adult Detention*, and
KEWA PUEBLO, *formerly known as Santa
Domingo Pueblo*,

      Respondents.


## MEMORANDUM OPINION AND ORDER OF TRANSFER

This matter is before the Court on Petitioner Harrison Cheykaychi's response to the Court's May 9, 2017 Order Dismissing Kewa Pueblo and Directing Petitioner to Show Cause. [Doc. 9] In it its order, the Court dismissed the Kewa Pueblo as a respondent in this habeas corpus action, because "[a]n application for a writ of habeas corpus is never viewed as a suit against the sovereign," and "§ 1303 does not signal congressional abrogation of tribal sovereign immunity, even in habeas cases." [Doc. 4, quoting *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996)). The Court ordered Petitioner to show cause why this case should not be transferred to the United States District Court for the District of Colorado pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), since Petitioner's habeas petition challenges his present physical confinement in Colorado. In response, Petitioner contends that *Rumsfeld* is distinguishable because "Indian habeas petitioners under 25 U.S.C. § 1303 are not the core habeas petitioners referred to in *Rumsfeld*." [Doc. 9 at 3] The Court disagrees and, therefore, this case will be transferred to the United States District Court for the District of

Colorado.

The Indian Civil Rights Act (ICRA), 25 U.S.C. § 1303, provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. Section 1303 was not intended "to enact a unique variety of habeas review," rather it "merely identifies *tribal* authority—as opposed to *state* or *federal* authority—as the source of the conduct allegedly taken in violation of federal law or the Constitution." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996). The United States Court of Appeals for the Tenth Circuit has construed § 1303 consistently with other federal habeas statutes, holding that "the 'detention' language" in § 1303 is "analogous to the 'in custody' requirement contained in 28 U.S.C. § 2241," *Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 n.1 (10th Cir. 1999), and that "§ 1303 petitioner must exhaust tribal court remedies," "[d]espite § 1303's lack of an express exhaustion requirement," *Valenzuela v. Silversmith*, 699 F.3d 1199, 1206 (10th Cir. 2012). Thus, the Court concludes that § 1303 has no "broader reach than cognate statutory provisions governing collateral review of state and federal action." *Poodry*, 85 F.3d at 879-80.

Nothing in section 1303 identifies the proper respondent or respondents in a habeas corpus action challenging a petitioner's detention by order of an Indian tribe. However, this Court is not writing on a blank slate. The Rules Governing Section 2254 Cases In The United States District Courts, which are applicable to habeas petitions filed under 25 U.S.C. § 1303, provide that if a petitioner currently is in custody pursuant to a court judgment, then the proper respondent is the officer who has custody of the petitioner. *See* Rule 1(b) ("The district courts may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as a respondent the

state officer who has custody"). This is consistent with the "long standing practice . . . in habeas challenges to present physical confinement—'core challenges'—[that] the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, . . . [rather] than some other remote supervisory official." *Rumsfeld*, 542 U.S. at 435 (2004). Although Petitioner is in tribal custody, rather than federal or state custody, his challenge to his present physical confinement is "not unique in any way that would provide arguable basis for a departure from the immediate custodian rule." *Id.* at 442.

To support his claim to the contrary, Petitioner relies on *Poodry*, in which the United States Court of Appeals for the Second Circuit held that "petitions for writs of habeas corpus are properly viewed as proceeding against *tribal officials* allegedly acting in violation of federal law." *Poodry*, 85 F.3d at 880 (emphasis in original); *see also id.* at 899 (holding that the tribal officials properly had been named as respondents). *Poodry* is distinguishable from the present case because in *Poodry* the petitioners did not challenge their present physical confinement, but rather permanent orders of banishment entered by tribal officials. As the United States Supreme Court held in *Rumsfeld*, the fact that "our understanding of custody has broadened to include restraints short of physical confinement does nothing to undermine the rationale or statutory foundation of . . . [the] immediate custodian rule where physical custody *is* at issue." *Rumsfeld*, 542 U.S. at 437 (emphasis in original). When a petitioner challenges his present physical custody, the immediate custodian rule "has consistently been applied in this core habeas context within the United States." *Id.* Therefore, the Court concludes that the proper respondent in the present case is Petitioner's immediate physical custodian, Respondent Geisen. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978) (noting that the respondent in a habeas corpus action under § 1303 "is the individual custodian of the prisoner"); *Chipps v. Ogala Sioux Tribal Court*, No. CIV

10-5028-JLV, 2010 WL 1999458, at* 8 n.5 (S.D. May 18, 2010) (noting that "the proper respondent in a § 1303 action is the individual custodian of the prisoner") (unpublished).

Petitioner contends that Respondent Geisen is not the proper respondent because he "lacks the authority to afford all the relief requested by the Petitioner, who is being held upon the order of a separate sovereign—the Indian Tribe." [Doc. 9 at 2] In his habeas petition, Petitioner seeks the following relief:

> 1) Finding that the Conviction dated September 19, 2016, is invalid and in violation of the Indian Civil Rights Act;
> 2) Issue the Writ of Habeas Corpus commanding Respondents to release Mr. Cheykaychi from their custody immediately;
> 3) In the alternative, Order an expedited evidentiary hearing to inquire as to the legality of the detention and;
> 4) Grant any other further relief that this Court deems just and proper.

[Doc. 1 at 14] Respondent is the Petitioner's immediate physical custodian and, therefore, he has the authority to release Petitioner from custody immediately if the Court finds that Petitioner's tribal court conviction violates the ICRA and that issuance of the writ is warranted. *See Rumsfeld*, 542 U.S. at 435 (noting that the immediate custodian rule "contemplate[s] a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary") (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885). Therefore, the Court concludes that Respondent Geisen is able to afford Petitioner all of the relief that he seeks.

The Court recognizes that United States District Court Judge Herrera recently arrived at the opposite conclusion in *Toya v. Casamento*, 17-CV-00258-JCH-KBM, relying on *Poodry* to hold that "where the petition collaterally attacks the petitioner's tribal conviction and sentence, rather than the manner in which the detention is being carried out . . . the proper respondent is not

necessarily the person with immediate physical custody but, instead, the official with authority to modify the tribal conviction or sentence." *Toya v. Casamento*, 17-CV-00258-JCH-KBM, Doc. 9 at 3 (D.N.M. May 25, 2017) (citing *Poodry*, 85 F.3d at 899-900). However, for the reasons explained above, the Court concludes that *Poodry* is inapplicable to challenges to present physical confinement, core habeas challenges, which are governed by the long standing immediate custodian rule outlined in *Rumsfeld*. Therefore, the Court declines to follow *Toya*.

Because Petitioner's habeas petition challenges his present physical confinement, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443. Petitioner currently is confined at the Chief Ignacio Justice Center Adult Detention Center in Towaoc, Colorado and, therefore, the Court will transfer this case to the United States District Court for the District of Colorado in the interest of justice. *See* 28 U.S.C. § 1631.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to transfer this case to the United States District Court for the District of Colorado.

_____
UNITED STATES DISTRICT JUDGE